## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ABRAHAM NIX,

     Plaintiff,

v.                                    Case No: 8:16-cv-3435-T-17AAS

COUNTY OF SARASOTA, RUSTY
AYERS, and ROBERT ANNICELLI,

     Defendants.

---

### ORDER

This cause comes before the Court pursuant to the motions to dismiss (Doc. Nos. 19 & 20) (the "**Motions to Dismiss**") filed by the Defendants, County of Sarasota (the "**County**"), Robert Annicelli ("**Annicelli**"), and Rusty Ayers ("**Ayers**") (collectively, the "**Defendants**"), and the responses in opposition thereto (Doc. Nos. 26 & 27) filed by the Plaintiff, Abraham Nix (the "**Plaintiff**"). For the reasons set forth below, the Motions to Dismiss are **GRANTED IN PART AND DENIED IN PART.**

### I.   Background

The Plaintiff commenced this case by filing a complaint (Doc. No. 1) (the "**Complaint**") against the Defendants on February 16, 2016. Through the Complaint, the Plaintiff asserts claims for excessive force and malicious prosecution under 42 U.S.C. § 1983 ("**Section 1983**"), alleging violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

In support, the Plaintiff alleges that while he was incarcerated at the Sarasota County Jail, he was beaten by Defendants Annicelli and Ayers. (Complaint, at ¶¶ 10-11). According to the Plaintiff, the beating occurred because he voiced his opinion to

Defendant Ayers that he should be removed from lockdown status following an incident in which he was accused of failing to properly clean his jail cell. (Complaint, at ¶¶ 12-19). The Plaintiff claims that after he voiced his opinion, Ayers pushed him backwards causing him to hit his head, and that Ayers and Annicelli then began kicking, punching, and kneeing him. (Complaint, at ¶¶ 21-22). The Plaintiff alleges that as a result of Ayers and Annicelli's conduct, he suffered a collapsed lung and was required to be hospitalized for five days. (Complaint, at ¶¶ 25-26). Thereafter, the Plaintiff claims that charges were brought against him and later dropped, presumably to cover up wrongs committed by the Defendants. (Complaint, at ¶¶ 27 & 56).

The Defendants filed the Motions to Dismiss on February 3, 2017. Through the Motions to Dismiss, the Defendants argue that (1) the Sarasota County Sheriff's Office, not the County, is the appropriate governmental defendant, (2) the Plaintiff's official capacity claims against Annicelli and Ayers should be dismissed as duplicative of the claims against the County, (3) the Plaintiff has failed to state a claim against the County, (4) the Plaintiff cannot state a claim for alleged violations of the Fourth Amendment, and (5) the Plaintiff cannot recover punitive damages against the County. The Plaintiff has responded, and admits that he is unable to state a claim for alleged violations of the Fourth Amendment based on his status as a pretrial detainee. The Plaintiff disputes the other arguments raised in the Motions to Dismiss. The Court will consider the remaining issues below.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe

2

them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012).   Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678.   "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

Courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).   First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.*   A court must then take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted).   A complaint that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Id.* at 1289. Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the complaint's factual allegations, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## III.   Discussion

### A.   The County is not the appropriate governmental defendant in this case.

"In Florida, a county has no authority and control over a sheriff's law enforcement function." *Troupe v. Sarasota Cty., Fla.*, 2004 WL 5572030, at *13 (M.D. Fla. Jan. 22, 2004).   Moreover, under Florida law, "a sheriff's office is a separate legal entity from the county in which it serves." *Id.* at n.5.   Because "a county is only liable for acts for which

the county is actually responsible," the County is not a proper defendant in this case. *Id.* Since the Plaintiff has not named the correct governmental defendant, the Plaintiff's claims against the County are subject to dismissal with leave to substitute the Sarasota County Sheriff's Office as the correct governmental defendant.

**B.     The Plaintiff's official capacity claims against Defendants Annicelli and Ayers are subject to dismissal for being duplicative of the Plaintiff's claims against the Sheriff's Office.**

"[A] suit against a government officer in his official capacity is simply a suit against the relevant government entity." *Brown v. Neumann*, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999). Stated differently, "when an officer is sued under Section 1983 in his or her official capacity, the suit is simply another way of pleading an action against an entity of which [the] officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Since "suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there [is no] need to bring official capacity actions against local government officials." *Id.* Accordingly, district courts have dismissed official capacity claims against government officials with prejudice where the plaintiff also sued the local government entity directly. *See, e.g., Adams v. City of Orlando Code Enforcement Bd.*, 2007 WL 1229103, at *2 (M.D. Fla. April 26, 2007) (dismissing official capacity claims against the mayor of Orlando where the plaintiff also sued the City of Orlando and the Orlando Code Enforcement Board).

Here, the Plaintiff has sued the Sheriff's Office, and has named Annicelli and Ayers as defendants in both their individual and official capacities. (Complaint, at ¶¶ 2-4). The official capacity claims against Annicelli and Ayers are based on their status as sheriff's deputies employed by the Sheriff's Office. (Complaint, at ¶ 3). As the Eleventh Circuit noted in *Busby*, the Plaintiff's direct claims against the Sheriff's Office and his official

capacity claims against Annicelli and Ayers are "functionally equivalent." *Busby*, 931 F.2d

at 776.  Consequently, the Plaintiff's official capacity claims against Annicelli and Ayers

are duplicative and subject to dismissal with prejudice.

### C.   The Plaintiff has failed to plausibly allege that his injuries were caused by an official policy or custom of the Sheriff's Office.

Section 1983 states, in pertinent part, that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The United States Supreme Court has held that "municipalities and

other bodies of local government are 'persons' within the meaning of this statute." *City of*

*St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988).  "Such a body may therefore be sued

directly if it is alleged to have caused a constitutional tort through 'a policy statement,

ordinance, regulation, or decision officially adopted and promulgated by that body's

officers.'"  *Id.*  Municipalities may also be sued for "constitutional deprivations visited

pursuant to governmental 'custom' even though such a custom has not received formal

approval through the body's official decisionmaking channels." *Id.*  However, Section

1983 cannot be used to impose vicarious liability on a municipality. *Id.*  To the contrary, a

municipality can be held liable "only when an injury was inflicted by a government's

lawmakers or by those whose edicts or acts may fairly be said to represent official policy."

*Id.* at 122.  Thus, to state a claim against a municipality or body of local government under

Section 1983, the Plaintiff must allege the "existence of an unconstitutional municipal

policy." *Id.* a 128.

"A plaintiff may establish the existence of an official policy or custom in several ways." *Pindak v. Dart*, 125 F. Supp. 3d 720, 756 (N.D. Ill. 2015). First, "[t]he plaintiff may identify an express policy responsible for the alleged constitutional injury." *Id.* "Alternatively, a plaintiff may establish a widespread practice attributable to the municipality . . . 'by showing a series of bad acts and inviting the court to infer from them that the policymaking level of government was bound to have noticed what was going on.'" *Id.* Third, the plaintiff may "assert that the individual who committed the constitutional deprivation was an official with policy-making authority." *Id.* "Finally, a decision not to train employees may rise to the level of an official policy or custom, but only where that failure to train amounts to 'deliberate indifference to the rights of persons with whom the untrained employees come into contact.'" *Id.*

Here, the Plaintiff fails to identify an express policy or custom of the Sheriff's Office that he claims caused his injuries. To the contrary, the Plaintiff appears to admit that the Defendants' actions were in "direct violation" of their official policies regarding the use of force. *See* (Complaint, at ¶ 20) ("In direct violation of General Orders, Specifically Corrections Order # 310.06 Use of Force, Defendant Ayers asked Defendant Annicelli for assistance with an unruly inmate, without the express permission of a superior officer."). The allegations in paragraph 62 of the Complaint are of no help to the Plaintiff. These allegations are threadbare recitals of the elements of the Plaintiff's claim, not well-pleaded factual allegations. *See* (Complaint, at ¶ 62) (alleging, in conclusory fashion, that the County has "a custom, policy, and/or practice of retaliating against citizens . . . coercing confessions out of citizens . . . [and] false arrest/false imprisonment of certain suspects and/or witnesses."). The same holds true of the Plaintiff's allegations that the County

failed to train its employees in a manner that amounted to "deliberate indifference." *See* (Complaint, at ¶ 62) (alleging that the County "fail[ed] to train and supervise its officers . . . fail[ed] to supervise, review, and/or discipline police officers whom the County . . . knew or should of known were violating or were prone to violate citizens' constitutional rights . . . fail[ed] to control and/or discipline officers known to harass, intimidate, and/or abuse citizens," among other similar allegations). These allegations are essentially "naked assertions" of wrongdoing, and require "further factual enhancement" to satisfy the Rule 8(a)(2) federal pleading standard. *See Iqbal*, 556 U.S. at 678. Thus, the Plaintiff's claims against the Sheriff's Office are subject to dismissal with leave to amend.

### D.    Punitive Damages

"In civil rights cases brought against state actors under § 1983, punitive damages are available only upon a showing of evil motive or intent, or reckless or callous indifference to the federally protected rights of others." *Hopp v. Wikse*, 2008 WL 4980664, at *1 (S.D. Fla. Nov. 24, 2008). "Notably, punitive damages are only allowable against defendants in their individual capacities and are not available in official capacity suits." *Id.* Here, the Plaintiff requests "exemplary, compensatory, and punitive damages plus costs, interests, and attorney fees as set forth in 42 U.S.C. §§ 1983 and 1988." (Complaint, at ¶ 65). Since the Plaintiff may only pursue a claim for punitive damages on its individual capacity claims, the Plaintiff's claim for punitive damages is dismissed except with respect to Annicelli and Ayers in their individual capacities.

### IV.    Conclusion

Accordingly, it is

**ORDERED** that the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The Plaintiff's claims against the County are **DISMISSED WITH LEAVE TO SUBSTITUTE** the Sarasota County Sheriff's Office as the appropriate governmental defendant;

(2) The Plaintiff's official capacity claims against Annicelli and Ayers are **DISMISSED WITH PREJUDICE**;

(3) The Plaintiff's claim for punitive damages against the Defendants in their official capacities is **DISMISSED WITH PREJUDICE**;

(4) The Plaintiff's Section 1983 claims against the Sheriff's Office are **DISMISSED WITH LEAVE TO AMEND**;

(5) The Plaintiff's claims based on alleged violations of the Fourth Amendment are **DISMISSED WITH PREJUDICE**; and

(6) Any amended complaint shall be filed within 14 days from entry of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 21st day of March, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

8